THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA JACKSON,<br><br>              Plaintiff,<br><br>      v.<br><br>FEDERAL WAY POLICE DEPARTMENT,<br><br>              Defendant. | CASE NO. C24-0276-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Laura Jackson's motion to appoint counsel (Dkt. No. 6). Having considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons described herein.

The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)[1] but should do so "only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). When determining whether exceptional circumstances justify the appointment of counsel, the

---

[1] Although courts often refer to motions under 28 U.S.C. § 1915(e)(1) as motions to appoint counsel, the statute does not actually authorize the Court to force a lawyer to take a case. Nor does the Court have staff attorneys standing by to represent *pro se* litigants. Instead, the Court may only "request" that an attorney represent an indigent litigant. *Id.* § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants").

1 | Court considers "the likelihood of success on the merits and the ability of the petitioner to
2 | articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v.*
3 | *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954
4 | (9th Cir. 1983)).

      Here, Plaintiff presents insufficient evidence to establish a likelihood of success on the merits. (*See generally* Dkt. No. 1 at 3–5.) Although she has proven indigence (*see* Dkt. No. 4), Plaintiff fails to explain why the complexity of the issues at hand preclude her from articulating the claims *pro se*. Ultimately, she fails to allege exceptional circumstances that would justify appointing counsel at this time.

      Accordingly, Plaintiff's motion to appoint counsel (Dkt. No. 6) is DENIED.

      DATED this 9th day of April 2024.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE