THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA JACKSON, | CASE NO. C24-0276-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| FEDERAL WAY POLICE DEPARTMENT, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On March 1, 2024, the Honorable S. Kate Vaughan, United States Magistrate Judge, granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 4.) Plaintiff's complaint (Dkt. No. 5) was entered shortly thereafter. Plaintiff later filed a notice and civil violations, supplementing the complaint (Dkt. Nos. 7, 8).

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). To avoid dismissal, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). Here, Plaintiff is seeking relief for civil right violations, privacy, and negligence causes of action. In as much as the Court can glean, she seeks this relief for civil rights deprivations at the hands of the Federal Way Police Department and is seeking $206 billion dollars in relief.

But Plaintiff's allegations are not coherent. They fail to establish (a) the conduct supporting that relief, (b) and the legal theory supporting the relief sought. Both must be supported by specific allegations—not formulaic conclusions or legal titles. *See Iqbal*, 556 U.S. at 664. Moreover, the Court notes that many of Plaintiff's allegations are incomplete sentences.

To the extent Plaintiff's complaint seeks relief from government officials, they are entitled to qualified immunity, which "shields [them] from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Acosta v. City of Costa Mesa*, 718 F.3d 800, 824 (9th Cir. 2013). To pierce that immunity, Plaintiff must show a violation of a clearly established constitutional right—the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). Plaintiff's allegations, if true, are not sufficiently clear for the Court to assess whether Plaintiff's clearly established rights were, in fact, violated.

However, the Court will not dismiss a case unless "it is absolutely clear that no amendment can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court ORDERS Plaintiff to file an amended complaint curing the defects identified above no later than 21 days from the date this order is issued. If Plaintiff fails to do so, the complaint will be dismissed without prejudice. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

//

//

1  DATED this 22nd day of April 2024.

3  Ravi Subramanian
Clerk of Court

4
5  s/Kathleen Albert
Deputy Clerk